IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CHRISTI BARRETT,<br>*On behalf of D.A., a minor*,<br>        Plaintiff,<br><br>        v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,[1]<br><br>        Defendant. | Case No. 12-4208-CV-DPR |

## MEMORANDUM AND ORDER

An Administrative Law Judge ("ALJ") denied Supplemental Security Income to Plaintiff Christi Barrett, on behalf of her minor son, D.A., in a decision dated June 24, 2011 (Tr. 13-27). The Appeals Council denied review. Thus, the ALJ's decision became the Commissioner of Social Security's final decision denying benefits. *See* 20 C.F.R. § 416.1481. For the reasons set forth below, the decision of the Commissioner of Social Security is **AFFIRMED**.

### LEGAL STANDARDS

Judicial review of a denial of disability benefits is limited to whether there is substantial evidence on the record as a whole to support the Social Security Administration's decision. 42 U.S.C. § 405(g); *Minor v. Astrue*, 574 F.3d 625, 627 (8th Cir. 2009). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. V. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence on the record as a whole," however, requires a

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as defendant in this action.

more exacting analysis, which also takes into account "whatever in the record fairly detracts from its weight." *Minor*, 574 F.3d at 627 (quoting *Wilson v. Sullivan*, 886 F.2d 172, 175 (8th Cir. 1989)). Thus, where it is possible to draw two inconsistent conclusions from the evidence, and one conclusion represents the ALJ's findings, a court must affirm the decision. *See Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992) (citing *Cruse v. Bowen*, 867 F.2d 1183, 1184 (8th Cir. 1989)). In other words, a court should not disturb an ALJ's denial of benefits if the decision "falls within the available zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). A decision may fall within the "zone of choice" even where the court "might have reached a different conclusion had [the court] been the initial finder of fact." *Id.* (quoting *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008)). A reviewing court is directed to "defer heavily to the findings and conclusions" of the Social Security Administration. *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

## ANALYSIS

The operative facts and arguments are thoroughly presented in the parties' briefs and will not be duplicated here. Plaintiff argues that the ALJ erred in weighing the medical opinions in the record in determining whether the claimant's impairments functionally equaled a listed impairment (Doc. 17). The Court has thoroughly reviewed the claimant's medical records, the opinion evidence, hearing testimony, and the ALJ's opinion, and finds that the ALJ's determinations are based upon substantial evidence on the record as a whole.

In determining whether a child is disabled, the Commissioner uses a three-step evaluation. At the first step, the ALJ must determine whether the claimant is engaged in substantial gainful activity. At step two, the ALJ determines whether the child has an impairment or combination of impairments that is severe. At step three, the ALJ decides

2

whether the claimant's impairment or combination of impairments meets or medically equals a listing, or functionally equals a listing. *See Moore ex rel. Moore v. Barnhart*, 413 F.3d 718, 721 (8th Cir. 2005); 20 C.F.R. § 416.924. To determine whether an impairment or combination of impairments functionally equals a listing, the ALJ assesses the claimant's functioning in six domains: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for self; and health and physical well-being. 20 C.F.R. § 416.926a(b)(1). An impairment functionally equals a listing when it results in "marked" limitation in two domains of functioning, or an "extreme" limitation in one domain. *See England v. Astrue*, 490 F.3d 1017, 1020 (8th Cir. 2007); 20 C.F.R. § 416.926a(a).

The ALJ determined that the claimant had less-than-marked limitations in the domains of acquiring and using information, attending and completing tasks, interacting and relating with others, caring for self, and health and physical well-being; and no limitation in the domain of moving about and manipulating objects. The ALJ found that the opinion of the consulting medical examiner Dr. Sternes, who testified at the hearing, was credible, consistent, and well-supported by the record as a whole. The ALJ indicated that he gave some weight to the opinion of the state agency evaluating psychologist, Michael Stacy, Ph.D., and some weight to the opinion of the claimant's kindergarten teacher, Erin Kespohl. The ALJ, however, gave little weight to the opinions of Jennifer Williams, a preschool teacher, and J. Nair, M.D., the claimant's treating psychiatrist. Plaintiff argues that the ALJ erred in discounting Dr. Nair's opinion that the claimant had marked limitations in the domains of acquiring and using information and caring for himself, and an extreme limitation in the domain of attending and completing tasks.

After thorough review, the undersigned finds no error in the ALJ's assessment. Under the regulations, a treating physician's opinion is not automatically entitled to controlling weight, and may be discounted where it is inconsistent with other substantial evidence in the record or it is not well-supported by other medical evidence, so long as the ALJ gives good reasons for the weight afforded the opinion. *See* 20 C.F.R. § 416.927. The ALJ discounted the opinion of Dr. Nair because he found it inconsistent with the record and inconsistent with his own treatment notes. The ALJ pointed out that Dr. Nair's notes demonstrate that the claimant was adapting well to his medications and progressing academically. Furthermore, the form upon which Dr. Nair recorded his opinion contained no explanation for the limitations indicated. By contrast, Dr. Sternes pointed to parts of the record, including teacher evaluations and objective testing, that supported his opinion.

Therefore, despite the existence of some evidence in the record that could support a finding of disability, the Court finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Taken together, the ALJ's determinations fall within the acceptable "zone of choice" of the finder of fact, to which the court gives great deference. Accordingly, the Court will not disturb the ALJ's denial of benefits.

Therefore, based on all the foregoing, **IT IS ORDERED** that the decision of the Commissioner of Social Security is **AFFIRMED**.

**IT IS SO ORDERED.**

**DATED: March 27, 2014**

    /s/ *David P. Rush*
**DAVID P. RUSH**
**United States Magistrate Judge**

4